**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>YOURELO YOUR FULL-SERVICE RELOCATION CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-13602- CJP |

**DEVYAP REALTY GROUP, INC.'S THIRD**
**AMENDED PLAN OF REORGANIZATION**

Pursuant to Section 1121(c) of the Bankruptcy Code, Devyap Realty Group, Inc. ("Plan Proponent"), hereby proposes the following Plan of Reorganization. In considering this Plan, please refer to the Third Amended Disclosure Statement, which discusses the Debtor, its history, business, management, assets and other matters pertinent to the request for confirmation of this Plan. The Third Amended Disclosure Statement also provides a summary of the Plan.

**ARTICLE I**
**DEFINITIONS AND RULES OF CONSTRUCTION**

In addition to such other terms as defined in other sections of the Plan, the following terms shall have the respective meanings herein specified below:

1.1.     *"Administrative Claim"* means a Claim for costs and expenses of administration of a kind specified in Section 503(b) of the Bankruptcy Code and referred to in Section 507(a)(2) of the Bankruptcy Code, including, without limitation, (a) the actual, necessary costs and expenses incurred after the commencement of the Reorganization Case of preserving the Estate and operating the business of the Debtor, including wages, salaries or commissions for services; (b) compensation for legal and other services and reimbursement of expenses awarded or allowed under Sections 330(a) or 331 of the Bankruptcy Code; and (c) all fees and charges assessed against the Estate under 28 U.S.C. §1930.

1.2.     *"Allowed Claim"* means (a) if no proof of claim has been filed by the Bar Date or has otherwise been deemed timely filed under applicable law, a Claim that has been listed in the Schedules as other than disputed, contingent or unliquidated and as to which claim neither the Debtor nor Plan Proponent have objected to: (i) by the Effective Date or (ii) within such other applicable period of limitation as may be fixed by the Plan, the Bankruptcy Code or the Bankruptcy Rules; (b) if a proof of Claim or request for payment of an Administrative Claim has been filed by the claims Bar Date or has otherwise been deemed timely filed under applicable

law, a Claim that is not a Disputed Claim; or (c) irrespective of whether a proof of Claim or request for payment of an Administrative Claim has been filed by the Claims Bar Date or has otherwise been deemed timely filed under applicable law, a Claim that is allowed in any stipulation executed by the Debtor and the Plan Proponent and the Claimant.

    1.3.    *"Bankruptcy Code"* means Title 11 of the United States Code, together with all amendments, modifications, and replacements thereto as the same exist upon any relevant date.

    1.4.    *"Bankruptcy Court"* means the United States Bankruptcy Court for the District of Massachusetts (Boston).

    1.5.    *"Bankruptcy Rules"* means the Federal Rules of Bankruptcy Procedure promulgated pursuant Section 2075 of Title 28 of the United States Code, as amended, together with the local rules of the Bankruptcy Court.

    1.6.    *"Bar Date"* shall mean the last date for filing proofs of claim and request for payment of administrative expenses against the Debtor, which date has been set by the Bankruptcy Court as July 7, 2021; provided, however, that (i) Administrative Claims arising on or after such date may be asserted pursuant to the terms of the Plan, and (ii) all Fee Claims may be asserted pursuant to the Plan regardless of whether such Fee Claims arose before or after.

    1.7.    *"Government Bar Date"* shall mean the last date for filing proofs of claim by governmental parties which date has been set by the Bankruptcy Court as August 17, 2021; provided, however, that (i) Administrative Claims arising on or after such date may be asserted pursuant to the terms of the Plan, and (ii) all Fee Claims may be asserted pursuant to the Plan regardless of whether such Fee Claims arose before or after.

    1.8.    *"Claim"* means (i) any "claim" as such term is defined in Section 101(5) of the Bankruptcy Code, against the Debtor or the Estate; and (ii) any assertion, claim or right of payment from the Debtor or the Estate, or assertion or claim of, or right to, an equitable remedy for breach of performance if such breach gives rise to a right to payment, in all cases whether or not such assertion, claim or right is reduced to judgment, liquidated or unliquidated, fixed, contingent, disputed, undisputed, legal, equitable, secured or unsecured, or arising before or after the Petition Date.

    1.9.    *"Claimant"* means any entity holding a Claim against the Debtor.

    1.10.    *"Confirmation Date"* means the entry of the Confirmation order.

    1.11.    *"Confirmation Escrow Deposit"* means $925,757.51 which is the amount that is estimated to be required to be paid hereunder on the Effective Date. These foregoing monies shall be transferred by Devyap to, and held by, the Disbursing Agent, on or prior to the Confirmation Date. These monies shall only be disbursed pursuant to the terms of the Plan.

    1.12.    *"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.13. *"Debtor"* means Yourelo, Your Full-Service Relocation Corporation, when acting in the capacity of representative of the Estate.

1.14. *"Disclosure Statement"* means the Third Amended Disclosure Statement (and all exhibits and schedules annexed thereto or referred to therein) that relates to the Third Amended Plan and that is approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code, as containing adequate information, and the same as may be later amended.

1.15. *"Disbursing Agent"* means Curran Antonelli, LLP, counsel for the Plan Proponent.

1.16. *"Disputed Claim"* means a Claim or Interest as to which either: (a) the Claim or Interest was listed as disputed on the Schedules; or (b) a proof of Claim or Interest was filed with the Bankruptcy Court and an objection to such Claim or Interest was filed prior to the Effective Date or such later date as the Court allows with respect to a particular Claim or Interest, which objection has not yet been determined by a final non-appealable order of the Bankruptcy Court. A Claim or Claims asserted in a proof of Claim or request for payment of an Administrative Claim shall be considered a Disputed Claim in its entirety if any objection is timely filed to any portion of such Claim or Claims.

1.17. *"Disputed Claims Reserve"* means any of the reserves established for payment of Disputed Claims under Section 5.4 of the Plan.

1.18. *"Distribution"* means the distribution or payment to Allowed Claimants within a Class of Claims.

3.1. *"Effective Date"* The effective date of this Plan shall be the first business day following the date that is thirty (30) days after the entry of the Confirmation Order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

1.19. *"Person"* includes individual, partnership, and corporation.

1.20. *"Petition Date"* means October 23, 2019, the date on which an order for relief under Chapter 11 of the Bankruptcy Code was entered with respect to the Debtor.

1.21. *"Plan"* means this third amended plan of reorganization or any amendment or modification hereof.

1.22. *"Plan Proponent"* means Devyap Realty Group, Inc.

1.23. *"Priority Claims"* means all Claims that are entitled to priority under Sections 507(a) of the Bankruptcy Code and that are not Administrative Claims or a Priority Tax Claim.

1.24. *"Priority Tax Claim"* means all Claims that are entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.25.  *"Property"* means the property located at 585 North Shore Road, Revere, Massachusetts.

1.26.  *"Schedules"* means, the schedules of assets and liabilities and the statement of financial affairs filed by Debtor, as required by Section 321 of title Bankruptcy Code, and as subsequently amended.

1.27.  *"Secured Claim"* means a Claim under section 506 of the Bankruptcy Code that is secured by a lien on property in which the Estate has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to Section 506(a) of the Bankruptcy Code.

## ARTICLE II
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The following is a designation of the Classes of Claims and Interests under the Plan. This classification of Claims and Interests is made for purposes of voting on the Plan, making distributions and for ease of administration hereof. All Claims and Interests, except Administrative Claims and Priority Tax Claims, are placed in the Classes described below. In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, as described below in Article III, are not impaired and are thus excluded from the Classes below.

A Claim or Interest shall be deemed classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of the Claim or Interest qualifies within the description of such different Class. A Claim or Interest is in a particular Class only to the extent that the Claim or Interest is an Allowed Claim or an Allowed Interest in that Class and has not been paid, released or otherwise satisfied prior to the Effective Date.

2.1.  Class One shall include the claim of the City of Revere.

2.2.  Class Two shall include all general unsecured claims, including the claims of J.J. Manning Co. Inc., Eversource Energy, LDC Collection Systems, Ligris and Associates, Town of Burlington, Verizon and the non-priority portions of the claims of the Massachusetts Department of Unemployment Assistance and the Massachusetts Department of Revenue. Devyap also holds a pre-petition unsecured claim against the Debtor in the amount of $50,000.00. However, Devyap has agreed to forego receiving any distribution under the Plan on account of this claim.

2.3.  Class Three shall include the holders of the equity interest in the Debtor.

# ARTICLE III
# PROVISION FOR TREATMENT OF PRIORITY CLAIMS

3.2. Administrative Expenses as defined and allowed under Section 503(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2), including amounts awarded under Section 330, shall be paid in full upon the Effective Date, or when finally allowed, whichever may be later, or shall be paid in accordance with such other arrangements as may be made between the holder of such a claim and the Plan Proponent.

3.3. Administrative Claims. All other administrative claims shall be paid by the Plan Proponent in the ordinary course of business or shall be paid in accordance with such other arrangements as may be made between the holder of such a claim and the Plan Proponent.

3.4. Priority Tax Claims as allowed and entitled to priority under Section 507(a)(8) shall be paid in full on the Effective Date, or the date they are allowed by an Order of the Bankruptcy Court, whichever is later.

# ARTICLE IV
# TREATMENT OF CLASSES

4.1. Class One:

   a. The City of Revere alleges that it is currently the holder of a pre-petition tax lien on the real property located at 585 North Shore Road, Revere, MA.

   b. The City of Revere has filed a proof of claim alleging that it was owed $438,985.13 as of the Petition Date. The City of Revere also asserts that it is entitled to post-petition interest and attorneys' fees. Devyap disputes the validity of this assertion as well as the amount and nature of the claim. For the purposes of calculating the Confirmation Escrow Deposit, Devyap estimates that the amount that will be required to satisfy the City of Revere's Claim will not exceed $438,985.13.

   c. Devyap shall pay the full amount of the City of Revere's Allowed Claim either: (i) on the Effective Date if such claim becomes an Allowed Claim by a final non-appealable order of the Bankruptcy Court prior thereto; or (ii) if the City of Revere's claim remains a Disputed Claim on the Effective Date, within fourteen (14) days following the date on which the City of Revere's claim becomes an Allowed Claim by a final non-appealable order of the Bankruptcy Court.

   d. The City of Revere is not impaired.

4.2. Class Two (General Unsecured Claims) is not impaired.

   a. Each Class Two Claimant will be paid in the following manner in full satisfaction of his/her/its Allowed Claim(s):

      i. Each holder shall receive full payment of its Allowed Claim on the Effective Date.

      ii. Devyap shall receive no payment on account of its unsecured claim.

4.3.    <u>Class Three</u> (Interest Holders) is impaired.

    a. No payments or distributions shall be made under the Plan to the Class Three Claimants and any such interest of such holders shall be extinguished.

# ARTICLE V
# MEANS FOR EXECUTION OF THIS PLAN

5.1.    On the Effective Date, title to the Property shall vest in Devyap. Distributions hereunder shall be made by Devyap only to holders of Allowed Claims. Except as otherwise provided in the Plan, the order from the Bankruptcy Court confirming the Plan or documents executed in connection with the Plan, no holder of a Claim shall be entitled to the accrual or payment of post-petition interest on such claim for any purpose.

5.2.    Plan Proponent shall provide the Disbursing Agent with sufficient monies to make all payments hereunder on or prior to the Confirmation Date.

5.3.    Notwithstanding any other provision of the Plan, no Distributions shall be made under the Plan on account of any Disputed Claim.

5.4.    With respect to Disputed Claims on the Effective Date (or as soon thereafter as is practicable), the Plan Proponent will (except as otherwise provided in this section) make distributions to a segregated account known as the Disputed Claims Reserve in an amount estimated to be the amount that would have been paid if such Claim had been an Allowed Claim. If, after the first post-Effective Date distribution made hereunder, any Disputed Claims become Allowed Claims, the Plan Proponent shall promptly deliver to the holder of such Allowed Claim the proceeds from the Disputed Claims Reserve equal to the distribution of Proceeds that would have been received by a holder of an Allowed Claim up to such time.

5.5.    <u>Default</u>. In the event of default by the Debtor and/or Devyap with respect to the obligations and responsibilities set forth in this Plan, the party complaining of default may file with the Court a Notice of Default after providing written notice of such default to the Plan Proponent and such default is not cured: (i) in the event of a default that can be cured by the payment of a sum of money, within ten (10) days of the Debtor and/or Plan Proponent's receipt of such notice; and (ii) for any other default, within thirty (30) days of the Debtor and/or Plan Proponent's receipt of such notice, provided that, if such nonmonetary default cannot reasonably be cured within such thirty 30-day period and the Debtor and/or Plan Proponent has commenced curing such default and continues to cure such default, the thirty (30) day period shall be extended for such time as is reasonably necessary to cure such default. These provisions are set forth to ensure the success of the Plan by providing a means to address any administrative error or delay that may arise in administering payment and performance under the Plan.

## ARTICLE VI
## GENERAL PROVISIONS

6.1. Upon confirmation, Plan Proponent shall continue the business operated by the Debtor, if any, and all assets and property, whether real, personal, legal, equitable, tangible or intangible, known or unknown, owned or held by the Debtor shall be vested in Plan Proponent, free and clear of all existing liens and encumbrances, except those enumerated herein or in the order of the Bankruptcy Court confirming this Plan. The Plan Proponent shall be authorized to sell, pledge, mortgage or otherwise encumber any assets necessary to fund distributions under this Plan.

6.2. Upon confirmation and except as otherwise provided by written rejection prior to confirmation, all executory contracts, unexpired leases and licenses, if any, shall be deemed assumed by the Plan Proponent unless previously rejected by the Plan Proponent.

6.3. After confirmation, and until the case is closed, the Court shall retain jurisdiction to allow or disallow claims, for such purposes as are contemplated under the Bankruptcy Code, and to enter such orders as may be necessary or appropriate to implement and enforce this Plan, or to enforce provisions of the Bankruptcy Code.

6.4. Within two (2) business days of the Effective Date, the reorganized Debtor or any other authorized parties who have been charged with administering the confirmed plan, including the Plan Proponent, shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred.

6.5. The Plan Proponent shall have thirty (30) days from the Effective Date to object to any and all Claims.

6.6. Until the Effective Date of a confirmed plan, the Debtor shall timely pay the U.S. Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) (the "Quarterly Fees"). Post confirmation, the reorganized debtor and/or any other authorized parties who have been charged with administering the confirmed plan, including the Plan Proponent, shall timely pay the U.S. Trustee Quarterly Fees until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

6.7. Post confirmation, the reorganized Debtor shall continue to file the U.S. Trustee Form 11-MOR, Monthly Operating Report through the Effective Date. After the Effective Date, the reorganized Debtor and any other authorized parties who have been charged with administering the confirmed plan, including the Plan Proponent, shall file the U.S. Trustee Form 11-PCR, Post confirmation Report every calendar quarter until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

Respectfully submitted,

DEVYAP REALTY GROUP, INC.

By its attorney,

/s/ *Thomas H. Curran*
Thomas H. Curran BBO #550759
tcurran@curranantonelli.com
Christopher Marks BBO #705612
cmarks@curranantonelli.com
Curran Antonelli, LLP
Ten Post Office Square, Suite 800 South
Boston, MA 02109
Ph: 617-207-8670

December 3, 2021

**CERTIFICATE OF SERVICE**

I, Thomas H. Curran, hereby certify that on this 3rd day of December, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Thomas H. Curran*
Thomas H. Curran